KOREA DEEP SEA FISHERIES ASSN. (SAMOA OFFICE),
an American Samoa Corporation, Plaintiff

v.

THE M/V CORONA #1, her cargo, etc., Defendant In Rem

v.

KYUNG YANG TRADING CO., Defendant in Personam
SOUTH WEST MARINE OF SAMOA, INC., Intervenor

SOUTH WEST MARINE OF SAMOA, INC., Plaintiff

v.

KOREA DEEP SEA FISHERIES ASSN. (SAMOA OFFICE) and
I.S. LEE, Defendants

High Court of American Samoa
Trial Division

CA No. 103-92, 15-93 (Consolidated)

February 14, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and
BETHAM, Associate Judge.

Counsel: For Korea Deep Sea Fisheries Assn. and I.S. Lee,
 William H. Reardon
 For South West Marine of Samoa, Inc., Marshall
 Ashley

On December 2, 1994, this court found that Korean Deep Sea Association
("KDSFA") was not liable to South West Marine of Samoa, Inc. ("SWM")
because KDSFA was merely acting as an agent for Kyung Yang Trading

Co. ("KYTC"). On January 2, 1995, SWM moved for a new trial, pursuant to A.S.C.A. § 43.0802(a), on the grounds that KYTC was a partially disclosed principal, making KDSFA, the agent, liable as a party to the transaction. SWM's motion further sought to alter and amend the judgment accordingly, pursuant to T.C.R.C.P. 59.

 While SWM's motion for a new trial was filed within 10 days after the judgment as required by A.S.C.A. § 43.0802(a), the supporting memorandum of points did not accompany the motion as required by T.C.R.C.P. 7(b)(1), but was instead filed on January 27, 1995, the day of the hearing. The late filing therefore effectively deprived KDSFA of the opportunity to respond.[1] At the same time, T.C.R.C.P. 59(e) requires that "a motion to alter or amend a judgment shall be *served* not later that 10 days after entry of judgment" (emphasis added). A motion which has not been served on the other side in compliance with the rule will not be entertained as a motion to alter or amend. *Olotoa v. Bartley*, 3 A.S.R.2d 21 (Land & Titles Div. 1986).

Accordingly, SWM's motion to reconsider will be reset for rehearing on March 1, 1995. KDSFA shall have until February 24, 1995, to file a responsive memorandum regarding the partially disclosed principal doctrine, stating its version of the relevant facts and applicable law regarding those facts.

It is so ordered.

---

[1] We recognize, but do not condone, the undesirable tendency in the filing motions for new trial without accompanying memoranda or the filing of memoranda after the filing of the motion. Although we will consider SWM's memorandum despite its tardiness, in future matters we may be inclined to use our discretion to deny the motion pursuant to T.C.R.C.P. 59.